UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL SANDOVAL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **ELCON ELECTRICAL CONTRACTORS, INC., ET AL.** | **NO. 18-989-JWD-RLB** |

**ORDER**

Before the Court is Plaintiffs' Motion to Compel Discovery Responses (R. Doc. 8) filed on February 26, 2019. The deadline for filing an opposition has expired. LR 7(f). Accordingly, the Motion is unopposed.

On or about September 24, 2018, Daniel Sandoval and Maria Sandoval ("Plaintiffs") filed the instant action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants State Farm Mutual Automobile Insurance Company ("State Farm"), Elcon Electrical Contractors, Inc. ("Elcon"), and Roy W. Burrell. (R. Doc. 8-2 at 1-6). Plaintiff also served the discovery requests at issue in the instant motion. (R. Doc. 8-2 at 7-44). State Farm and Elcon removed the action on October 31, 2018. (R. Doc. 1). Mr. Burrell has not been served and has not made an appearance.

Plaintiffs represent that while they have provided extensions of the deadline to respond to these discovery requests (from January 13, 2019 to February 13, 2019),[1] no responses have been provided as of the date of the instant motion. Plaintiffs seek an order requiring responses to the written discovery requests without objection. Among other things, Plaintiffs state that they need to obtain the responses at issue for the purposes of serving Mr. Burrell.

---
[1] It is unclear how Plaintiffs calculated the January 13, 2019 deadline.

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from state court." Fed. R. Civ. P. 81(c)(1). In federal court, discovery generally cannot commence until the "parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Where discovery issued in state court has not been ruled on in state court prior to removal, Rule 26(f) and Rule 26(d) preclude such discovery from having any effect in federal court. *See Int'l Transp. Workers Fed'n v. Mi-Das Line SA*, No. 13-454, 2013 WL 1403329, at *4 n. 3 (E.D. La. Apr. 4, 2013); *see also Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005) ("Nothing in the language of [Rule 26(d)] permits a party to continue to seek discovery which may have been properly served under state law rules pre-removal.").

The interrogatories and requests for production at issue were served prior to removal in state court pursuant to the Louisiana Code of Civil Procedure. They were not served in conformity with Rules 33 and 34 of the Federal Rules of Civil Procedure.

Interrogatories cannot be served under the Federal Rules of Civil Procedure until after the parties have engaged in a Rule 26(f) conference. *See* Rule 26(d). Furthermore, Plaintiffs have raised no argument in support of a finding that the requests for production served under state procedural laws qualify as "Early Rule 34 Requests" pursuant to Rule 26(d)(2). Indeed, Rule 34(b)(A) contemplates the time to respond to requests "delivered under Rule 26(d)(2)." Requests for Production cannot be "delivered under" the Federal Rules of Civil Procedure when the matter is not even in federal court.

Accordingly, the Court will not order Defendants to respond to these discovery requests, which were served while this action was pending in state court prior to removal.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Discovery Responses (R. Doc. 8) is **DENIED**. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on March 28, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**